Filed 12/8/23  Stingl v. Berman CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JONICA A. STINGL, | |
| Plaintiff and Appellant, | G062729 |
| v. | (Super. Ct. No. PSC2000093) |
| MARK BERMAN, M.D. et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Riverside, Carol A. Greene, Judge.  Affirmed.

Cummings, McClorey, Davis, Acho & Associates and Ryan D. Miller for Plaintiff and Appellant.

Poliquin & DeGrave, Mark P. Poliquin and Elizabeth A. Flatley for Defendants and Respondents Mark Berman, M.D., California Stem Cell Treatment Center, Inc., and Cell Surgical Network Corporation.

Kramer, deBoer & Keane, Kathleen A. Stosuy, Deborah O. deBoer and James G. Warren for Defendant and Respondent Craig Rosenblum, M.D.

\* \* \*

Plaintiff and Appellant Jonica A. Stingl challenges the trial court's orders granting the motions for summary judgment filed by defendants and respondents, two physicians in Stingl's medical malpractice action. As we explain in detail, *post*, the physicians shifted the burden on each cause of action alleged against them to Stingl to establish a triable issue of material fact. Specifically, on the negligence claims, Stingl failed to provide a declaration from a medical expert countering the defendant physicians' expert evidence they met the standard of care. Because she did not do so, the trial court properly granted the motions. The trial court also properly granted the motions as to Stingl's claims for negligence per se and fraud. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2018, Stingl underwent elective cosmetic surgery at the Aurora Surgery Center in Palm Desert, California; Mark Berman, M.D., was the surgeon, and Craig Rosenblum, M.D., was the anesthesiologist. Stingl alleges she notified Berman, before the surgery, she was allergic to Versed and fentanyl. She alleges she was nevertheless given these drugs by Rosenblum in the preoperative area. She alleges she lost consciousness due to the effect of these drugs while walking into the operating room at the direction of defendants, causing her to fall and suffer an injury to her shoulder. She alleges Rosenblum, under the supervision of Berman, falsified her medical records in violation of Penal Code section 471.5 in an effort to conceal defendants' professional negligence.

2

Stingl sued Berman and Rosenblum for negligence, negligence per se, and fraud.[1]  Berman and Rosenblum separately moved for summary judgment and/or summary adjudication.  After briefing and a hearing, the trial court granted Berman's motion and entered judgment.  Stingl filed a timely notice of appeal of the judgment in favor of Berman.

At the hearing on Rosenblum's motion, Stingl requested the opportunity to counter evidence presented for the first time in Rosenblum's reply brief.  The trial court continued the hearing and granted Stingl an opportunity to file a sur-reply and Rosenblum an opportunity to respond thereto.  At the continued hearing, the trial court granted Rosenblum's motion for summary judgment and entered judgment.  Stingl filed a timely notice of appeal of the judgment in favor of Rosenblum.

## DISCUSSION

### I.

#### STANDARD OF REVIEW

In an appeal from an order granting a motion for summary judgment, "'"'[w]e review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.'"  [Citation.]  We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.'" (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.)

---

[1]  Stingl also sued California Stem Cell Treatment Center, Inc., Cell Surgical Network Corporation, and Aurora Surgery Center.  California Stem Cell Treatment Center, Inc., and Cell Surgical Network Corporation are entities owned by Berman; Berman filed the motion for summary judgment on behalf of these entities as well as himself.  Their liability depends on Berman's liability.  The case against Aurora Surgery Center is still pending and stayed in the trial court and is not at issue in this appeal.

"'Summary judgment should be granted if no triable issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. [Citation.] The burden of persuasion is on the party moving for summary judgment. When the defendant is the moving party, the defendant must show the action has no merit. That showing is made if the defendant either negates an element of the plaintiff's cause of action or establishes that a complete defense exists. The burden then shifts to the plaintiff to show that a triable issue of material fact exists with respect to the cause of action or defense.'" (*Hester v. Public Storage* (2020) 49 Cal.App.5th 668, 674.)

We generally review the trial court's evidentiary rulings for abuse of discretion. (*San Francisco Print Media Co. v. The Hearst Corp.* (2020) 44 Cal.App.5th 952, 962 & fn. 7.) In *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535, the California Supreme Court expressly declined to reach the issue of the appropriate standard of review of a trial court's rulings on evidentiary objections made in connection with a summary judgment motion. While there is some difference of opinion between the courts of appeal on this topic, "the weight of authority, both before and after *Reid*, holds that an appellate court applies an abuse of discretion standard under these circumstances. [Citations.] De novo review is proper where evidentiary objections raise questions of law, such as whether or not a statement is hearsay. [Citations.] In contrast, evidentiary objections based on lack of foundation, qualification of experts, and conclusory and speculative testimony are traditionally left to the sound discretion of the trial court. . . . '[T]he appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered.'" (*Alexander v. Scripps Memorial Hospital La Jolla* (2018) 23 Cal.App.5th 206, 226.) As in *Alexander*, the types of evidentiary objections at issue here

are those of lack of foundation, speculation, and expert qualification. Thus, we apply an abuse of discretion standard of review.[2]

## II.

### BERMAN'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION OF ALL CAUSES OF ACTION

In December 2021, Berman filed a motion for summary judgment and/or summary adjudication of all causes of action against him: negligence, negligence per se, and fraud. On appeal, Stingl argues the key issues are whether Berman failed to tell Rosenblum not to give her Versed or fentanyl, and whether Berman helped Rosenblum cover up Stingl's fall. As we will explain, given the nature of the motion for summary judgment, these are not the key questions for our review on this appeal.

A. Negligence

Stingl's cause of action for negligence required proof of "duty to use due care and breach of duty, which proximately causes injury." (*Lopez v. City of Los Angeles* (2011) 196 Cal.App.4th 675, 685.) Healthcare providers must possess and exercise "'that reasonable degree of skill, knowledge, and care ordinarily possessed and exercised by members of the medical profession under similar circumstances.'" (*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1081.) "Significantly, ""[t]he standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony [citations], unless the conduct required by the particular circumstances is within the common knowledge of the layman.""" (*Morton v. Thousand Oaks Surgical Hospital* (2010) 187 Cal.App.4th 926, 935.) "'*Expert evidence in a malpractice suit is conclusive as to the proof of the prevailing standard of skill and learning in the locality and of the propriety of particular conduct by the practitioner in*

---

[2] On appeal, Stingl did not specifically challenge any of the trial court's rulings on the evidentiary objections.

*particular instances* because such standard and skill is not a matter of general knowledge and can only be supplied by expert testimony.'" (*Willard v. Hagemeister* (1981) 121 Cal.App.3d 406, 412, italics added.)[3]

Berman offered the declaration of Donald I. Altman, M.D., a board certified plastic surgeon and head and neck surgeon, in support of the motion for summary judgment. Altman reviewed Stingl's medical records, Berman's discovery responses, Stingl's complaint, the evaluation report from orthopedic surgeon Kevin Ehrhart, M.D., declarations of Berman and Rosenblum, and transcripts of the depositions of Stingl and Sarah Propis.[4] Based on his review of the relevant documents in the case, and on his knowledge, experience, and training, Altman provided his expert opinion the professional services provided by Berman were within the standard of care and did not cause nor were they a contributing factor to any harm allegedly suffered by Stingl.

In addition, Berman offered evidence showing the selection and administration of anesthesia for Stingl's procedure was handled by Rosenblum, not Berman, and Berman did not witness Stingl's alleged fall, nor was he informed of the alleged fall until September 2019 — almost a year later. Berman's evidence in support of his motion for summary judgment shifted to Stingl the burden of raising a triable issue of material fact.

---

[3] Stingl argues on appeal an expert's opinion the standard of care was not breached should not be sufficient to shift the burden on a summary judgment motion in a medical malpractice case. This argument ignores well-established law cited in the text.

[4] The documents on which Altman relied in rendering his opinions were offered as evidence in support of Berman's motion. Propis is identified in the appellate briefs only as a third party witness and a nurse. We have surmised Propis is a friend of Stingl who was present in the preoperative area on the day of the surgery, and who drove Stingl home after the surgery.

In opposition to Berman's motion for summary judgment, Stingl offered the declaration of Bruce J. Reitman, M.D., an anesthesiologist.[5] Reitman reviewed the following documents, and relied on them (as well as his experience, education, and training) in reaching his opinion: a one-page anesthesia record dated October 24, 2018; 26 pages of Aurora Surgery Center medical records; a one-page Aurora Surgery Center preoperative assessment; an Aurora Surgery Center history and physical; a one-page Aurora Surgery Center patient face sheet; transcripts of depositions of Stingl and Propis; a one-page e-mail from Stingl to Jessica Valdez at Cell Surgical Network Corporation dated September 30, 2018, asking Berman's office to advise the anesthesiologist of her previous reaction to Versed and fentanyl, and requesting the anesthesiologist instead use "Ketamine and Proprofol [*sic*] if these drugs are available to him and he is comfortable using them?"; the Cell Surgical Network Corporation amendment of its certificate of incorporation, dated December 22, 2016; the California Stem Cell Treatment Center, Inc. statement of information, dated August 26, 2016; and Stingl's typed and handwritten notes regarding the procedure, again requesting the anesthesiologist use ketamine, propofol, or Demerol instead of Versed and fentanyl.[6]

---

[5] Stingl also offered the declaration of Gary L. Painter, M.D., an orthopedic surgeon. Berman objected to Painter's declaration because he had not been designated as an expert by Stingl. As explained *post*, the trial court properly sustained that objection. (See Code Civ. Proc., § 2034.300.) In any event, Painter's opinion is based on Stingl's "claims" she was required to walk to the operating table while sedated and she fell due to being sedated. Painter opined Stingl's shoulder pain "could have been caused" or her preexisting shoulder pain "could have [been] exacerbated" by a fall. He did not opine on the standard of care, meaning his declaration was irrelevant because it was not responsive to the grounds raised by Berman's motion for summary judgment.

[6] On the same day Berman filed his reply brief, Stingl filed a request for judicial notice of the sur-reply declaration with exhibits she filed in opposition to Rosenblum's motion for summary judgment and a revised separate statement. The trial court denied Stingl's request and did not consider these documents in ruling on Berman's motion for summary judgment.

Berman's objections to the portions of Reitman's declaration expressing an opinion regarding the standard of care and whether Berman's acts or omissions were a substantial factor causing Stingl's shoulder injury were sustained by the trial court. As addressed *ante*, Stingl does not challenge on appeal the court's ruling on any of Berman's objections.

In the absence of any admissible expert opinion as to the duty of care or its breach, Stingl was unable to raise a triable issue of material fact on the cause of action for negligence. When an expert's opinion is necessary as to the duty of care because that matter is not within the common knowledge of laypeople, the expert's opinion is conclusive on the matter and cannot be disregarded by the court. (*Evans v. Hood Corp.* (2016) 5 Cal.App.5th 1022, 1052.) Therefore, Altman's opinion as to the lack of a breach of any duty by Berman was conclusive as the only admissible expert opinion on the subject. The trial court therefore properly granted the motion for summary judgment as to this cause of action.

B. Negligence Per Se

Negligence per se is a theory of negligence, raising an evidentiary presumption of negligence when a violation of a statute, ordinance, or regulation proximately causes death or injury to someone within the class of persons for whose protection the statute, ordinance, or regulation was enacted. (*Johnson v. Honeywell Internat. Inc.* (2009) 179 Cal.App.4th 549, 555.)

In this cause of action Stingl alleged defendants violated Penal Code section 471.5 by falsifying and/or altering Stingl's medical records to conceal from her their medical malpractice as to the alleged administration of anesthesia medications in the preoperative area and as to Stingl's alleged fall. Penal Code section 471.5 provides: "Any person who alters or modifies the medical record of any person, with fraudulent intent, or who, with fraudulent intent, creates any false medical record, is guilty of a misdemeanor."

8

Berman offered his own declaration stating he did not alter or modify Stingl's medical records, Stingl's deposition testimony that she had no facts or evidence to dispute Berman's declaration on that point, and Rosenblum's declaration stating he did not alter or falsify any of Stingl's medical records or create any medical records to falsify records, conceal negligence, or shield any defendant from liability.[7] This showing shifted to Stingl the burden of raising a triable issue of material fact.[8]

In opposition, Stingl offered her own speculation and the speculation of her expert witness Reitman the medical records *must have been* altered or modified because they do not reflect a fall by Stingl, and the fall *must have happened* because we must view the case in the light most favorable to the nonmoving party. The trial court properly sustained Berman's objections to Stingl's and Reitman's speculation the fall occurred and was not reported properly in Stingl's medical record.

Stingl's interpretation of the standards for summary judgment would turn the process on its head. Contrary to Stingl's statement that on summary judgment "the facts are read in light of the opposing party," meaning we would presume the fall occurred, we construe the *evidence* liberally, and Stingl has not offered any *admissible evidence* in opposition to Berman's summary judgment motion. "'Only admissible evidence is liberally construed in deciding whether there is a triable issue.'" (*Fernandez v. Alexander* (2019) 31 Cal.App.5th 770, 779.) The trial court did not err in granting summary judgment as to this cause of action.

---

[7] Stingl contends Berman's declaration and her own deposition testimony are not "'material facts'" because they are based on the perceptions of witnesses. Stingl offers no apposite legal authority supporting this contention.

[8] Altman's declaration includes his opinion as to whether Berman could have made changes to Stingl's medical records at Aurora Surgery Center after the date of the surgery. Stingl objected to the evidence on the grounds Altman is not a computer scientist. The trial court did not rule on this objection. Altman's testimony on this point is unnecessary.

9

## C. Fraud

A cause of action for fraud requires proof: (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) Stingl's cause of action for fraud alleges Berman and the other defendants, by altering her medical records, concealed from Stingl the truth about the improper administration of anesthesia before she entered the operating room, her fall, and defendants' negligence.

As with the cause of action for negligence per se, Berman offered his declaration stating he did not alter or modify Stingl's medical records, nor did he have access to Stingl's medical records which were in the possession of Aurora Surgery Center, and Stingl's deposition testimony that she had no facts or evidence to dispute the statements contained in Berman's declaration. Stingl offered the same evidence in opposition as she did in connection with the cause of action for negligence per se.

On appeal, Stingl argues whether Berman committed fraud by failing to document or report her alleged fall is a triable issue of material fact. But she fails to identify any admissible evidence showing she had fallen in the first place, much less of defendants' failure to record that fall. Therefore, the trial court properly granted the motion for summary judgment as to this cause of action.

### III.

### ROSENBLUM'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION OF THE CAUSES OF ACTION FOR NEGLIGENCE AND NEGLIGENCE PER SE

In December 2021, Rosenblum filed a motion for summary judgment and/or summary adjudication of the causes of action for negligence and negligence

per se.[9] In challenging the order granting that motion, Stingl's appellate briefs focus on "two, critical contested facts": (1) Whether Rosenblum administered anesthesia drugs to Stingl in the preoperative area, and (2) whether Stingl fell in the operating room. Stingl correctly notes Rosenblum's motion did not address whether she had actually fallen. Rosenblum's motion addressed whether he had breached any duty of care owed to Stingl. In the absence of a breach of a duty, Rosenblum cannot be liable for any damages suffered by Stingl, whether or not she fell.

A. Negligence

As noted *ante*, Stingl's cause of action for negligence required proof of a "duty to use due care and breach of duty, which proximately causes injury." (*Lopez v. City of Los Angeles, supra*, 196 Cal.App.4th at p. 685.)

Rosenblum offered the declaration of Don F. Mills, M.D., a board-certified anesthesiologist, as his expert witness in support of the motion for summary judgment. The declaration stated Mills had relied on Stingl's medical records, transcripts of the depositions of Stingl and Propis, Stingl's responses to requests for production of documents, Stingl's declaration in opposition to a motion for an undertaking, and an independent medical examination report.[10] Part of the preoperative documents signed by Stingl on which Mills based his opinion is the anesthesia consent form, in which Stingl agreed, inter alia: (1) "the type of anesthesia to be used will depend upon the procedure and my physical condition"; (2) "During the course of the surgical procedure, conditions may require additional or different anesthetic monitoring and techniques, and I ask that the anesthesia provider provide any other necessary services for my benefit and well

---

[9] The trial court granted a separate, earlier motion for summary adjudication by Rosenblum on the cause of action for fraud. The ruling on that motion is not an issue in this appeal.

[10] These documents were submitted to the trial court in support of the motion for summary judgment.

being"; (3) "No guarantees have been made by anyone regarding the anesthesia services which I am agreeing to have"; and (4) "I have been given the opportunity to ask questions about my anesthesia and feel that I have sufficient information to give this informed consent. I agree to the administration of the anesthesia prescribed for me. I recognize the alternative to acceptance of anesthesia might be no anesthesia for the procedure." Nowhere on the consent form did Stingl note her refusal to consent to the use of Versed or fentanyl as a form of anesthesia during this procedure.

Stingl's medical records show preoperative diagnoses including a "painful . . . [right] shoulder." The procedure Stingl was to undergo included stromal vascular faction injections to her right shoulder.

Mills declared, in his professional opinion, the care and treatment provided by Rosenblum to Stingl was appropriate, complied with the applicable standard of care, and did not cause or contribute to the injuries and damages claimed by Stingl. Mills's declaration identified the facts supporting each of these opinions.

Stingl objected to Mills's declaration on the ground he did not have personal knowledge of the facts on which his opinion was based. However, a medical expert may rely upon medical records as the basis for an opinion provided the records are properly authenticated. (*Garibay v. Hemmat* (2008) 161 Cal.App.4th 735, 742–743.) Stingl did not object to any of the medical records on which Mills relied as not having been properly authenticated. The trial court sustained Stingl's objection as to the lack of personal knowledge, but did not exclude any part of the declaration.

Stingl also objected to Mills's declaration because he failed to consider the facts of the case in the light most favorable to the opposing party. While the trial court and the appellate court "must view the evidence submitted in connection with a motion for summary judgment in a light most favorable to the party opposing the motion and resolve 'any evidentiary doubts or ambiguities in plaintiff's favor'" (*County of San Diego*

12

*v. Superior Court* (2015) 242 Cal.App.4th 460, 467), no such rule applies to the expert witness's review of the evidence.

With Mills's declaration, Rosenblum successfully shifted the burden to Stingl to produce admissible evidence of a triable material fact.[11]

In opposition to Rosenblum's motion for summary judgment, Stingl offered Reitman's declaration. Reitman reviewed the same documents in forming his opinion as he had reviewed in connection with Berman's motion, identified *ante*.

Rosenblum objected to Reitman's declaration assuming anesthesia had been administered in the preoperative area and a fall had occurred on the ground as it lacked foundation and was based on speculation; the trial court correctly sustained these objections. "An expert's opinion, however, 'may not be based on assumptions of fact that are without evidentiary support or based on factors that are speculative or conjectural, for then the opinion has no evidentiary value and does not assist the trier of fact. [Citation.] Moreover, an expert's opinion rendered without a reasoned explanation of why the underlying facts lead to the ultimate conclusion has no evidentiary value because an expert opinion is worth no more than the reasons and facts on which it is based. [Citations.]'" (*Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 123.)

Stingl also offered her own declaration in opposition to Rosenblum's motion. Stingl's declaration stated, in relevant part to the negligence claim, she advised defendants not to give her Versed or fentanyl, Rosenblum administered Versed and fentanyl to her before she was in the operating room, defendants made her walk to the

---

[11] In her reply brief on appeal, Stingl argues the trial court should have excluded Mills's opinions Rosenblum acted within the standard of care and Rosenblum did not cause or contribute to Stingl's injuries based on the objections the trial court sustained in the March 9, 2022, tentative rulings. However, the court's minute order from the later March 22 hearing shows the only objection the court sustained was the objection based on Mills's lack of personal knowledge (and no portion of the declaration was excluded based on this sustained objection); all other objections were overruled or were not ruled on by the trial court.

operating room while under the effects of anesthesia, and her medical records were falsified with respect to the anesthesia and the fall. Rosenblum's objections to those statements from Stingl's declaration were sustained. Stingl also offered excerpts from her deposition, at which she testified she did not know what liquid was administered to her, and from Propis's deposition at which she testified she saw Rosenblum administer a clear liquid into Stingl's IV port, but she did not know what it was.

In connection with his reply, Rosenblum offered additional evidence, including further excerpts from the depositions of Stingl and Propis that they did not know what was in the syringe injected into Stingl's IV port by Rosenblum before the surgery. With the court's permission, Stingl filed a sur-reply in opposition to the motion for summary judgment. In support of the sur-reply she filed revised declarations by Reitman and herself, and a new declaration from Painter. The court sustained Rosenblum's objection to the entirety of Reitman's sur-reply declaration.

The court also sustained Rosenblum's objection to the entirety of Painter's declaration. Painter was not properly designated as an expert in this case; therefore, his testimony would have been inadmissible at trial and could not be used on summary judgment. "A party may not raise a *triable* issue of fact at summary judgment by relying on evidence that will not be admissible at trial. [Citation.] When the time for exchanging expert witness information has expired before a summary judgment motion is made, and a party objects to a declaration from an undisclosed expert, the admissibility of the expert's opinion can and must be determined before the summary judgment motion is resolved." (*Perry v. Bakewell Hawthorne, LLC* (2017) 2 Cal.5th 536, 543.)

Stingl served a designation of expert witnesses on February 14, 2022. Stingl then served a supplemental designation of expert witnesses on March 9 and a notice of errata on March 10. Painter was not listed as a retained or nonretained expert in any of Stingl's expert designations. "Generally, on objection of any party who has 'made a complete and timely compliance' with the expert exchange statute, the trial court 'shall

14

exclude from evidence the expert opinion of any witness that is offered by any party who has unreasonably failed,' inter alia, to designate that expert in its expert witness list. (Code Civ. Proc., § 2034.300.)" (*Pina v. County of Los Angeles* (2019) 38 Cal.App.5th 531, 546, fn. omitted.)[12] The trial court therefore did not err by sustaining the objection to the entirety of Painter's declaration.

The evidence offered by Stingl did not raise a triable issue of material fact as to the standard of care or causation of her injury.[13] "[A] defendant's breach must normally be established by expert testimony in a medical malpractice case." (*Avivi v. Centro Medico Urgente Medical Center* (2008) 159 Cal.App.4th 463, 467, fn. omitted.) "When the moving party produces a competent expert declaration showing there is no triable issue of fact on an essential element of the opposing party's claims, the opposing party's burden is to produce a competent expert declaration to the contrary." (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 761–762.) Where the party moving for summary judgment relies on sound expert opinion that would be admissible at trial, the opposing party can only defeat the motion by presenting "'"'conflicting expert evidence.'"'" (*Hanson v. Goode* (1999) 76 Cal.App.4th 601, 606–607.)

Mills opined "the care and treatment provided to plaintiff, Jonica Stingl, by Craig Rosenblum, M.D., did not cause and/or contribute to the claimed injuries or damages of plaintiff Jonica Stingl." The bases for that opinion are:

---

[12] Stingl argues in her reply brief on appeal the trial court had discretion to permit amendment of her expert witness disclosure or to excuse an untimely disclosure. (Code Civ. Proc., §§ 2034.610, 2034.620, 2034.710.) The appellate record does not show Stingl made any such request in the trial court.

[13] Stingl argues the trial court erred in failing to consider any of the evidence she submitted in her sur-reply. The appellate record does not support this argument. In the March 22, 2022, minute order, the trial court sustained some objections to the sur-reply evidence, overruled others, and declined to rule on still others.

1.  The care and treatment provided by Rosenblum was "at all times appropriate and complied with the applicable standard of care."
2.  All records show the anesthesia (fentanyl and Versed) were provided in the operating room "and there is no reason to believe these medications were administered elsewhere."
3.  Administration of lactated ringers in the preoperative area did not cause or contribute to an alleged fall in the operating room.

Nothing in Stingl's opposition to Rosenblum's motion for summary judgment addresses much less raises a triable issue of material fact with respect to the necessary element of causation. The declaration of Reitman, Stingl's expert witness, addresses the standard of care, but does not address causation.

Further, Stingl was not able to show a triable issue of material fact as to the standard of care element. Mills's declaration expressed his opinion, based on his experience, knowledge, training, and review of the evidence in the present case, that:

1.  Rosenblum's decision to administer IV sedation to Stingl was within the applicable standard of care.
2.  Rosenblum's administration of anesthesia to Stingl was within the applicable standard of care.
3.  The preanesthesia evaluation of Stingl by Rosenblum was performed within the standard of care.
4.  Rosenblum's decisions and performance regarding the administration of medication were within the standard of care.
5.  Rosenblum obtained Stingl's full, informed consent within the standard of care.
6.  All care and treatment provided by Rosenblum to Stingl was within the standard of care.

16

Much of Reitman's declaration in opposition to the motion for summary judgment was objected to by Rosenblum, and the objections were sustained as to most of his opinions regarding the standard of care. Stingl does not address the propriety of the trial court's rulings on these objections in her appellate brief. "'Where a plaintiff does not challenge the superior court's ruling sustaining a moving defendant's objections to evidence offered in opposition to the summary judgment motion, "any issues concerning the correctness of the trial court's evidentiary rulings have been waived. [Citations.] We therefore consider all such evidence to have been 'properly excluded.' [Citation.]" [Citation.]' [Citation.] [¶] The reason for this rule is that '[t]rial courts have a duty to rule on evidentiary objections.' [Citation.] '[R]uling on such evidentiary objections can involve a number of considerations more suited to the trial court than the appellate courts, including an exercise of discretion in establishing the record to be reviewed de novo.' [Citation.] [¶] Consequently, it was [the plaintiff]'s burden on appeal to affirmatively challenge the trial court's evidentiary ruling, and demonstrate the court's error. She failed to do so. Her brief on appeal fails to identify the court's evidentiary ruling as a distinct assignment of error, and there is no separate argument heading or analysis of the issue. That alone is grounds to deem the argument waived." (*Roe v. McDonald's Corp.* (2005) 129 Cal.App.4th 1107, 1113–1114.)

Here the trial court also sustained objections by Rosenblum to the declaration of Stingl regarding such matters as the nature of the substance given to her in the preoperative area, and whether her fall in the operating room caused her shoulder injury. The trial court also sustained objections that Reitman's declaration assumed the truth of and relied on those statements by Stingl. Absent the statements and opinions to which objections were sustained, Stingl's opposition to the motion for summary judgment contained nothing from which the existence of a triable issue of material fact could be argued. Therefore, the trial court did not err in granting the motion as to the negligence cause of action against Rosenblum.

17

B.  Negligence Per Se

As discussed *ante* with regard to Berman's motion for summary judgment, Stingl alleged Rosenblum was liable for negligence per se because he violated Penal Code section 471.5 by falsifying and/or altering Stingl's medical records to conceal defendants' alleged medical malpractice.

Also as discussed *ante*, our record includes the declaration of Rosenblum stating: "I did not alter or falsify any of the medical records of Ms. Stingl from Aurora, or intend to do so, for any reason.  I did not conceal or intend to conceal any facts from Ms. Stingl related to the anesthesia services I provided to her.  [¶] . . . I did not create any medical records of Ms. Stingl in order to falsify records, conceal alleged negligence of any health care provider, or shield any defendant in this action or any other health care provider from liability.  Specifically, I did not change Ms. Stingl's medical records to make it appear that general anesthesia or any anesthesia agents of any kind were administered only after she entered the operating room."[14]

Rosenblum offered his discovery requests and Stingl's responses thereto regarding the allegations that Rosenblum falsified or altered Stingl's medical records to conceal malpractice.  Rosenblum served requests for admission on Stingl, in which he

---

[14]  Rosenblum's declaration was offered in support of Berman's motion for summary judgment, not Rosenblum's motion for summary judgment.  In *Watkins v. Wachovia Corp.* (2009) 172 Cal.App.4th 1576, 1587, footnote 11, the appellate court held:  "On appeal, [the plaintiff] notes that some of the relevant evidence before the trial court was submitted in connection with the motion for class certification, rather than the motion for summary judgment.  As the motions were heard simultaneously, and the key evidence was submitted by [the plaintiff] herself, it would be an improper elevation of form over substance to reject the evidence."  Here, the motions were not heard simultaneously but within days of each other.  Rosenblum's declaration was offered by Berman, not Stingl.  Despite these factual differences, the rule of *Watkins v. Wachovia Corp.* permitted the declaration filed in support of one defendant's motion for summary judgment on the same causes of action and asserting the same arguments to be used in support of the other defendant's motion.

18

asked her to admit the truth of the following: (1) "Craig Rosenblum, M.D. did not direct anyone to falsify information on medical records to cover up any negligent acts on October 24, 2018 by defendant, Craig Rosenblum, M.D."; (2) "Craig Rosenblum, M.D. did not direct anyone to falsify information on medical records to cover up any negligent acts on October 24, 2018 by any healthcare providers at Aurora Surgery Center, L.P."; (3) "Craig Rosenblum, M.D. did not direct anyone to falsify any medical records to state that medications you claimed to be allergic to were administered to you only after you had already entered the operating room on October 24, 2018"; (4) "Craig Rosenblum, M.D. did not direct anyone to suppress information on any medical records relating to you to cover up their negligence"; and (5) "Craig Rosenblum, M.D. did not go back and make changes to the history and physical to indicate a pre-existing shoulder injury in an effort to hide the true cause of the shoulder injury you claim you incurred on October 24, 2018." (Some capitalization omitted.)

In response to each of these requests for admission, Stingl responded, subject to objections: "[A] reasonable inquiry concerning the matter in the particular request has been made, and . . . the information known or readily obtainable is insufficient to enable this responding party to admit or deny the matter."

Rosenblum also served interrogatories on Stingl; form interrogatory No. 17.1 asked Stingl to state all facts on which she based any response to a request for admission that was not an unqualified admission and to identify any person with knowledge of those facts. As to the foregoing requests for admission, Stingl responded: "This responding party has no knowledge of how the medical record was created/altered and so lacks sufficient information." Stingl identified Rosenblum as the only person with

19

knowledge of the facts.[15]  A defendant moving for summary judgment may rely on the plaintiff's factually inadequate discovery responses to shift the burden of proof on the motion, after which the plaintiff must set forth specific facts establishing a triable issue of material fact.  (*Union Bank v. Superior Court* (1995) 31 Cal.App.4th 573, 590; *Collin v. CalPortland Company* (2014) 228 Cal.App.4th 582, 587 [defendant "may show through factually devoid discovery responses that the plaintiff does not possess and cannot reasonably obtain needed evidence"].)

Rosenblum's denial of falsifying or altering Stingl's medical records, coupled with Stingl's verified statements that she lacked sufficient information to admit or deny the truth of Rosenblum's requests for admission, shifted the burden of proof to Stingl to provide admissible evidence in opposition to the summary judgment motion to raise a triable issue of material fact.  In opposition, Stingl offered the declaration of Reitman stating the surgical center's records do not accurately reflect the time anesthesia was administered to Stingl, and the failure to note Stingl's fall in the records is a breach of the standard of care.  Rosenblum's objections to these speculative portions of Reitman's declaration were sustained by the trial court.  Absent any evidence to create a

---

[15]  In opposition to Rosenblum's motion, as to each of her discovery responses Stingl replied: "Disputed.  Perceptions of witnesses are not 'material facts' as that term is used in the summary judgment statute.  [*Reeves v. Safeway Stores, Inc.* (2004) 121 CA4th 95, 106—instead of stating key events as 'undisputed facts,' defendant improperly stated what witnesses *said* about those events.]  It is not enough for defendant to show merely that plaintiff 'has no evidence' on a key element of plaintiffs claim.  Defendant must also produce evidence showing plaintiff *cannot reasonably obtain* evidence to support that claim.  [*Gaggero v. Yura* (2003) 108 CA4th 884, 891; *Zoran Corp. v. Chen* (2010) 185 CA4th 799, 808.]"  Even if this is the appropriate standard, the evidence offered by Rosenblum meets it.  Stingl identified Rosenblum as the only person with knowledge of the facts regarding these issues.  Stingl did not indicate in her opposition to the motion she had been prevented from obtaining discovery from Rosenblum, and she did not claim she was unable to complete all intended discovery in this case.  Therefore, Stingl's discovery responses show she cannot reasonably obtain the evidence to support her claim of negligence per se.

20

triable issue of material fact, the trial court properly granted the motion for summary judgment.

## C. Medical Battery

For the first time on appeal, Stingl alleges the administration of Versed and fentanyl constituted a medical battery defeating summary judgment. It is a well-accepted rule of appellate procedure that issues raised for the first time on appeal will generally not be considered. (*In re N.R.* (2017) 15 Cal.App.5th 590, 598 [claim involving "issue of fact rather than a pure question of law" is forfeited by failure to raise it below].)

Further, a plaintiff may not avoid summary judgment by arguing the existence of a cause of action not alleged in the operative complaint. "The pleadings play a key role in a summary judgment motion and ""'set the boundaries of the issues to be resolved at summary judgment.'"" [Citation.] '[T]he scope of the issues to be properly addressed in [a] summary judgment motion' is generally 'limited to the claims framed by the pleadings. [Citation.] A moving party seeking summary judgment or adjudication is not required to go beyond the allegations of the pleading, with respect to new theories that could have been pled, but for which no motion to amend or supplement the pleading was brought, prior to the hearing on the dispositive motion. [Citations.]'" (*Jacobs v. Coldwell Banker Residential Brokerage Co.* (2017) 14 Cal.App.5th 438, 444 (*Jacobs*); see *Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1275.)

Stingl did not allege a cause of action against Rosenblum for medical battery, nor did her complaint include allegations suggesting that theory of liability. As "[t]here [was] no mention, suggestion, or any facts alleged that would put a reasonable defendant on notice" Stingl was raising a medical battery claim (*Jacobs, supra*, 14 Cal.App.5th at p. 444), Rosenblum's motion for summary judgment did not need to address that claim.

Furthermore, the appellate record does not show Stingl sought to amend her complaint to include allegations relevant to a claim of medical battery. (See *Jacobs,*

*supra*, 14 Cal.App.5th at p. 445 ["Plaintiffs could have sought to amend their complaint, and their failure to do so precluded them from defeating [the defendant's] motion for summary judgment based on their new theory"].)

## DISPOSITION

The judgment is affirmed.  Respondents to recover costs on appeal.


MOTOIKE, J.

I CONCUR:


DELANEY, J.

GOETHALS, ACTING P.J., concurring and dissenting:

I concur with my colleagues that the trial court correctly granted summary judgment in favor of Dr. Berman. I respectfully disagree that summary judgment should have been granted as to the professional negligence cause of action related to Dr. Rosenblum. I therefore dissent as to that portion of the majority opinion.

The facts set forth by the majority set the stage well enough; I need not belabor them here. As is normally the case with a medical malpractice claim (see, e.g., *Salasguevara v. Wyeth Laboratories*, Inc. (1990) 222 Cal.App.3d 379), the parties retained experts who offered differing opinions on several pivotal issues. Those opinions sufficiently framed at least one triable issue of fact: whether Dr. Rosenblum acted in a professionally negligent manner when, as alleged by plaintiff, he administered anesthesia to Stingl in a pre-op area before permitting her to walk to the surgical theater where she fell and suffered a significant injury.

The operable rules related to the resolution of motions for summary judgment are well-established. An order by a trial court granting summary judgment is reviewed de novo by an appellate court. (*Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 334.) An appellate court must "liberally construe the evidence in favor of the party opposing the motion." (*Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 181.) "[T]he elements of breach . . . and causation are ordinarily questions of fact for the jury's determination." (*Vasquez v. Residential Investments, Inc.* (2004) 118 Cal.App.4th 269, 278.)

1

Applying those familiar standards to this case, I would reverse the summary judgment granted in favor of Dr. Rosenblum, and let a jury determine whether his conduct at issue here involved professional negligence.

GOETHALS, ACTING P.J.